UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASMIN CARPENTER-REDWANSKI,  )<br>    Plaintiff,                                       )<br>                                                     )<br>    v.                                               )<br>                                                     )<br>LELAND DUDEK, Acting Commissioner )<br>of the Social Security Administration,    )<br>    Defendant.                                   ) | CAUSE NO.: 1:24-CV-363-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jasmin Carpenter-Redwanski on August 28, 2024, and Plaintiff's Opening Brief [DE 12], filed November 11, 2024. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 18, 2025, the Commissioner filed a response, and Plaintiff filed her reply on February 28, 2025. For the reasons set forth below, the Court remands the Commissioner's decision.

**I.    Background**

On November 6, 2022, Plaintiff filed an application for benefits alleging that she became disabled on April 10, 2022. Plaintiff's application was denied initially and upon reconsideration. On February 6, 2024, Administrative Law Judge ("ALJ") Alice Blackmore held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On March 25, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements through December 31, 2027.

1

2. The claimant has not engaged in substantial gainful activity since April 10, 2022, the alleged onset date.

3. The claimant has the following severe impairments: cryptogenic stroke, cerebrovascular accident (CVA) due to the occlusion of right middle cerebral artery, left hemiparesis secondary to cryptogenic stroke, hypertension, mood disorder due to known physiological condition with missed features, and other frontotemporal neurocognitive disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently climb ramps and stairs but never climb ladders, ropes, and scaffolds, can frequently balance, stoop, kneel, crouch, and crawl, can tolerate no exposure to hazards, and can carry out simple instructions.

6. The claimant is incapable of performing past relevant work.

7. The claimant was a younger individual on the alleged onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant is not disabled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 10, 2022, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 6]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III.    Analysis

Plaintiff argues that the ALJ erred in her determination of the RFC because it inadequately addressed Plaintiff's concentration, persistence and pace capabilities. The ALJ found that Plaintiff suffers medically determinable severe impairments of cryptogenic stroke, cerebrovascular accident (CVA) due to the occlusion of right middle cerebral artery, left hemiparesis secondary to cryptogenic stroke, hypertension, mood disorder due to known physiological condition with missed features, and other frontotemporal neurocognitive disorder, and that those impairments create moderate limitations in concentration, persistence, and pace along with mild limitations in understanding, remembering and understanding information, but did not explain how those

3

limitations were incorporated into the RFC. The Commissioner argues that the ALJ's analysis was sufficient and her decision was supported by substantial evidence.

Dr. Predine, the state agency examiner, found that Plaintiff had mild limitations in concentration, persistence, and pace. AR 76-77. The ALJ concluded that Plaintiff's limitations in ability to concentrate and maintain persistence and pace were moderate, rather than mild. AR 26. The ALJ noted that Plaintiff's treatment records noted issues in concentrating, focusing and maintaining a regular work schedule, but that Plaintiff drives, prepares meals, reads, and manages her funds and medical care. AR 26. The ALJ concluded that the medical record failed to show that Plaintiff was distractible or unable to complete testing to evaluate attention. AR 26. However, as review of the record reflects, Plaintiff's treatment notes indicate that she reported difficulty with train of thought, word-finding and forgetfulness AR 430, a below average memory, and that she was unable to complete dual attention tasks with 80% accuracy as of April, 2023, after approximately one year of therapy following her stroke. AR 431. The ALJ does not mention those findings or treatment notes in her conclusions. Although the ALJ did find that Plaintiff was more impaired than the agency examiner did, the Court cannot determine how she reached that decision, since her recitation of the medical evidence differs from that actually in the record. As Plaintiff argues, the ALJ did not incorporate these medical findings as to Plaintiff's concentration, memory, and pace limitations into her RFC with any specificity and did not incorporate the limitations into her hypothetical to the VE. The Seventh Circuit Court of Appeals has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno*, 882 F.3d at 729 (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor").

No matter what evidence it was based on, the ALJ concluded that Plaintiff had moderate limitations in concentration, persistence, and pace, but the Court is unable to determine how the ALJ incorporated those limitations into the RFC to conclude that there are jobs that Plaintiff is able to perform. "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). "Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases).

In this case, the ALJ's original hypothetical to the VE did not mention any specific difficulty concentrating, persisting in a task, or maintaining pace, but reflected the same limitations as is in the ultimate RFC: someone who can "tolerate no exposure to hazards, and the individual can carry out simple instructions" and "works at 90 percent of the pace of a commensurate employee." AR 62. When the ALJ asked about an employee who works at 80 percent pace, the VE opined "that would preclude all competitive work." AR 63. The VE further testified that an employee being off task more than 10% of the time that is work preclusive, and that if someone had more than one absence per month she would not be able to sustain employment. AR 63. The record does not indicate what evidence supported the ALJ's determination that Plaintiff's moderate limitations of concentration, persistence, and pace were equal to a 90% pace or greater or would result in being off task less than 10% of the time.

"Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). In this case, the ALJ made no reference to exactly what Plaintiff's limitations were as to pace or concentration, despite medical evidence that she is unable to perform at 100% pace and has memory difficulties. The Seventh Circuit Court of Appeals has repeatedly held that limiting a claimant to unskilled work or simple, routine or repetitive tasks is not sufficient to account for difficulties in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner I*, 627 F.3d at 620-21; *see also Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations . . . which . . . limited [the plaintiff's] ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft*, 539 F.3d at 677-78 (limitation to unskilled work did not account for limitations in concentration, pace, and mood swings).

It is not apparent to the Court whether there are jobs that Plaintiff is able to do given her

6

limitations in concentration, persistence, and pace. The VE testified that there are no jobs for a person who is off task more than 10% of the time or who works at 80% pace, and the ALJ did not incorporate any specific pace limitations in Plaintiff's RFC. *See, e.g., Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[W]e have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace. More to it, observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift.") (quoting *Winsted*, 923 F.3d at 477);

This matter is being remanded for a new RFC that fully incorporates all of Plaintiff's limitations and adequately analyzes all of the evidence in the record. The ALJ should also incorporate all of those limitations in any hypothetical presented to the VE.

### VI.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 31st day of March, 2025.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:  All counsel of record